IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| ROAD HOG TRUCKING, LLC, a Texas Limited Liability Company, JARED BERG and EMILY BERG, Individuals, | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CASE NO. 2:15-CV-258-J |
| HILMAR CHEESE CO., INC., a California Corporation, CDF DAIRY, a California Partnership, DAVID AHLEM, RICHARD "DICK" CLAUSS and C.A. RUSSELL, Individuals, | § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

Before the Defendants' motion, filed November 3, 2015, to dismiss or, in the alternative, for a more definite statement, Plaintiffs' response to that motion, and the Defendants' reply. Defendants' motion is granted in part and denied in part as follows. In response to the Defendants' motion, Plaintiffs seek leave to file an amended complaint. That request is granted as follows.

Defendant's motion is premature insofar as it now seeks to dismiss all of the opt-in plaintiffs because a Fair Labor Standards Act (FLSA) class has not yet been certified. That request is denied without prejudice to moving for dismissal if a FLSA class is not certified.

Section 203(e) of the FLSA defines who is an "employee" permitted to bring a FLSA claim, stating that "the term 'employee' means any individual employed by an employer." 29 U.S.C. §

203(e).  Defendant's motion to dismiss is granted as to Road Hog Trucking, LLC being an improper

FLSA class member because corporations, being artificial entities, are not "individual" employees

"employed by an employer" who may sue under the FLSA for unpaid wages.  *See* 29 U.S.C. § 206(a)

("Every employer shall pay to each of his *employees*," that is, individual employees, "who ... is

engaged in commerce or in the production of goods for commerce, ..." a minimum wage.); 29 U.S.C.

§ 207(a) (" no employer shall employ any of his employees ...  for a workweek longer than forty

hours unless such employee receives compensation ... at a rate not less than one and one-half times

the regular rate at which he is employed.") *Accord Dyson vs. Stuart Petroleum Testers, Inc.,* 308

F.R.D. 510, 515 (W.D. Tex. 2015)("the FLSA permits only individuals, not entities, to bring suit.").

Likewise, Defendant's motion to dismiss is also granted as to Road Hog Trucking, LLC not being

an individual employee who may state a FLSA claim upon which relief can be granted for retaliation

for complaining about the Defendants' alleged FLSA violations.

Defendants' motion is denied as to Emily Berg's FLSA retaliation claim , because the parties

agree that she does state such a claim.

Defendant's motion to dismiss is denied as to Plaintiffs' various antitrust and breach of

contract claims based upon an alleged early termination of the milk-hauling contract between Road

Hog Trucking, LLC and CDF Dairy and/or Hilmar Cheese Company, Inc.  Determination of those

validity of those claims requires consideration of evidence outside the pleadings, and should be

brought as a motion for summary judgment after sufficient discovery has been conducted on these

claims.

Defendant's motion to dismiss is denied as to the Plaintiffs' FLSA collective action and

failure-to-pay-overtime claims, Jared Berg's FLSA retaliation claim, antitrust "consumer status"

claim, price discrimination claim, horizontal antitrust conspiracy-among-competitors claims of refusal to deal, price fixing and tying, breach of contract, breach of an alleged partnership agreement, tortuous interference with contract, and civil conspiracy to induce a breach a contract. However, the Plaintiffs' request for leave to amend and the Defendants' alternative request for a more detailed amended statement of each of those claims is granted. Plaintiffs are to file within twenty-one (21) days from the date of this order an amended complaint specifying the precise nature of each of those claims.

In particular, Plaintiffs are to detail in their amended complaint for each remaining claim who did what to whom and when, including but not limited to what the terms of the alleged milk-hauling contract were and exactly who were the parties to that contract; when and how the alleged breach of that contract violated federal and state antitrust and Texas business law; what the terms of the alleged partnership agreement were and who were and were not parties to that agreement, how fiduciary duties allegedly owed thereunder were breached, by whom, when and how; and the geographic scope of the relevant market, the precise definition of that market, who were Plaintiffs' competitors in that market and how competition therein was allegedly harmed, whether or not either of the Defendants herein were Plaintiffs' competitors therein, and Plaintiffs' standing to assert all the asserted antitrust causes of action brought herein.

It is SO ORDERED.

Signed this the _____/ /ᵗʰ_____ day on February, 2016.


_____
**MARY LOU ROBINSON**
UNITED STATES DISTRICT JUDGE

3