IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ROAD HOG TRUCKING, LLC, a Texas Limited Liability Company, JARED BERG and EMILY BERG, Individuals, <br><br> Plaintiffs, <br> vs. <br><br> HILMAR CHEESE CO., INC., a California Corporation, CDF DAIRY, a California Partnership, DAVID AHLEM, RICHARD "DICK" CLAUSS, and C.A. RUSSELL, Individuals, <br><br> Defendants. | CASE NO. 2:15-CV-258-J |

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Before the Court is Plaintiffs' motion for class certification and for issuance of notice to the proposed class members. Plaintiffs request the Court to conditionally certify a Fair Labor Standards Act (FLSA) class and to authorize notice to potential class members, who are said to be employees of Defendants' dairy and cheese manufacturing in two states, or possibly more. Defendants oppose conditional class certification for numerous reasons. Plaintiffs' motion is denied because, among other reasons, Plaintiffs have not shown that this case should proceed as a class action instead of as individually-brought FLSA claims by the named parties plus opt-in parties.

*Plaintiffs' FLSA Claims and Basic Factual Allegations*

Plaintiff Emily Berg alleges that she was a non-exempt manager employee of CDF Dairy in Texas who was wrongfully terminated as an office manager in retaliation for filing this lawsuit. She alleges she worked at one of Defendant CDF's dairy in Hartley County, Texas. She seeks to represent a class of allegedly similarity-situated dairy employees numbering up to seven persons,

1

including herself. The potential class members work or worked in the Panhandle of Texas, in California, and possibly other states. The Plaintiffs seek conditional certification of an opt-in class of non-supervisory dairy employees in both states and elsewhere, for the Court to order Defendants to disclose certain contact and other personal information on those potential class members, and for the Court to authorize an opt-in notice delivered to all potential class members both defining the class and setting forth time limits for them to opt into this suit.

Plaintiffs request a putative class with two sub-class definitions: First, up to 50 potential truck drivers allegedly wrongfully classified as independent contractors who are or were employed by other trucking corporations, which would include three former employees of Plaintiff Road Hog Trucking, LLC, and who were denied pay for their compensable work and, Second, up to seven dairy workers, which number includes Plaintiff Emily Berg during her former employment as office manager. Defendants oppose the relief requested on numerous grounds.

### *Discussion and Analysis*

In addition to denying any FLSA violation occurred, the Defendants argue that Plaintiff Emily Berg as an office manager is not similarly situated to any other dairy employee, therefore she cannot be an adequate class representative for any of their dairy employees. Defendants argue that the number of potential dairy class members, even if all seven dairy employees are included, is insufficient for this case to proceed as an FLSA opt-in class action instead of as an FLSA action with individually-named plaintiffs.

Defendants further argue that Plaintiffs cannot include as potential FLSA class members any of the truck drivers of other independent trucking corporations who have transportation contracts to haul the Defendants' dairy and cheese products, because that is not a proper subclass. Plaintiffs did business through a limited liability corporation. They owned their own milk trucks and tankers, and hired their own employees. Plaintiffs sought and obtained compensation for their hauling services

by means of business-to-business invoices, not by payroll checks. Plaintiffs engaged other transport companies as subcontractors.

Defendants point out that even Plaintiff Road Hog Trucking LLC's own driver employees were paid by the LLC, not by the Defendants. Pursuant to the transportation contracts at issue all payments made by the Defendants for transportation of their products were made directly from a defendant corporation to the Plaintiffs' limited liability corporation, not from a defendant corporation to any individual driver.

Defendants argue that the Plaintiffs have produced no evidence of a class-wide FLSA violation and that, at best, Plaintiffs complain of individualized violations by separate employers who have no common or uniform compensation policy applicable to all the classes. For all of these reasons, Defendants ask the Court to deny conditional certification and notice.

The Fair Labor Standards Act of 1938, 29 U.S.C. §§ 213 *et seq.* (FLSA), requires covered employers to pay their nonexempt employees the federal minimum wage for all hours worked plus overtime pay of time and one-half the regular rate of pay for hours worked in excess of forty (40) in a work week. One or more employees may sue to recover unpaid wages on behalf of themselves and other employees similarly situated. 29 U.S.C.A. § 216(b). Federal district courts have discretion, in appropriate cases, to implement the provision of 29 U.S.C.A. § 216(b) requiring employees to give consent in writing to become a party plaintiff in FLSA class actions by facilitating notice to potential plaintiffs. *Hoffmann-La Roche Inc. v. Sperling,* 493 U.S. 165, 169-70, 110 S.Ct. 482 (1989)(citing Fair Labor Standards Act of 1938, § 16(b), as amended). Further, district courts may permit discovery of the names and addresses of discharged employees where that discovery is relevant to the subject matter of the action (i.e., the claims and defenses raised therein) and there are no grounds to limit the discovery under the facts and circumstances of a case. *Id.,* 493 U.S. at 170.

It is unclear in this record who actually employed the two individual Plaintiffs – CDF Dairy alone as to Emily Berg, as all the Defendants allege, or all Defendants collectively, as the Plaintiffs allege. Given that lack of clarity, the Court should not prematurely certify a class including any or all of the Defendants' dairy employees or to authorize such a class notice. In addition, given that there are allegedly only six or fewer non-similarly-situated dairy employees, Plaintiffs have not shown that this case should proceed as a class action with Emily Berg as a representative of a subclass of dairy workers.

This record is silent as to what relevant laws might apply to Plaintiffs' joint-employee claims, and what evidence Plaintiffs must supply to make that case in the context of an FLSA class action. *Cf. Madison v. Chalmette Refining, L.L.C.,* ___ F.3d _, 2011 WL 1226965 at 2326 (5th Cir. April 04, 2011)(the district court must consider the issue of different states' laws when determining whether putative plaintiffs have common claims and are similarly situated). The Count should further consider whether this case could be streamlined before certification by using other case management tools, including narrowing the claims and potential plaintiffs through summary judgment, or facilitating the disposition of the remaining plaintiffs' claims through issuance of other orders. *See id.*

Plaintiffs do not respond, and thus do not dispute, that the record in this case shows that milk is hauled from dairies to cheese plant by independently owned and operated trucking companies. The truck drivers who might be potential subclass members are employees of those companies, not of the milk-producing dairies or the cheese manufacturing plant. Apart from the Plaintiffs and their former employees, no truck driver who hauls milk to the cheese plant has claimed to be an employee of either a dairy or the cheese plant. Plaintiffs have tendered no evidence to support their allegation of a widespread illegal plan relating to misclassification of up to 45 truck drivers who haul milk to the cheese plant from its supplying dairies.

This record is unclear as to what factual issues may be common to all opt-in plaintiffs regarding Plaintiffs' claim that they were improperly classified as an independent contractor, a non-exempt supervisory employee, and/or perhaps a FLSA-exempt supervisory employee. The FLSA contains a number of exemptions from the minimum wage and overtime pay requirements. Section 13(a)(1) of the FLSA provides an exemption from the federal minimum wage and overtime requirements for employees employed in *bona fide* executive and administrative capacities, or combinations thereof, and for certain highly compensated employees, as these terms are defined and delimited by regulations of the Secretary of Labor. 29 C.F.R. § 541.0.

While the burden of proving narrowly-construed FLSA exemptions is upon the Defendants,/[1] that does not excuse Plaintiffs from the requirement to show that they are similarly-situated employees. Plaintiffs allege that the total potential class consists of up to six additional dairy employees similarly situated, and likely up to 50 drivers, which number includes the two individual Plaintiffs and their three former employees, in the total class of truck drivers who are allegedly improperly classified as independent contractors or contractors. Plaintiffs have not addressed which law – one or more of the at-least two states, or federal, or some combination thereof – governing independent contractor status should be applied to determine their wrongful employment classification and independent contractor versus employee truck-driver allegations. They have not addressed the specific facts of each transportation contract and subcontract, the factual situations of

---

[1] Exemptions from FLSA minimum wage and maximum hour requirements for employees serving in a *bona fide* executive or administrative capacity are "narrowly construed against the employer, and their application limited to those plainly and unmistakably within their terms and spirit." *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 80 S.Ct. 453, 456, 4 L.Ed.2d 393 (1960); *Secretary of Labor, U.S. Dept. of Labor v. 3Re.com, Inc.*, 317 F.3d 534, 539 (6th Cir. 2003). The burden of proving these exemptions is upon the employer, and if the record is unclear as to some exemption requirement the employer will be held not to have satisfied its burden. *Idaho Sheet Metal Works, Inc. v. Wirtz*, 383 U.S. 190, 206, 86 S.Ct. 737, 747, 15 L.Ed.2d 694 (1966); *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001); *Fazekas v. Cleveland Clinic Found. Health Care Ventures, Inc.*, 204 F.3d 673, 676 (6th Cir. 2000)(It is "the employer [who] bears the burden of showing that the ... exemption applies to [each of] the employees.").

5

all of the possibly up to 45 drivers for each hauling company which has such a corporate contract with one or more of the Defendants, and which laws control the Plaintiffs' claim that they are joint employees or their claim that they are not independent contractors but hourly-wage employees covered by the FLSA. Significantly, they have not shown that common facts predominate over individual determinations.

Plaintiffs have not addressed which FLSA exemptions might apply to which Defendants' allegedly wrongfully classified FLSA-exempt employees. They have not precisely focused upon what facts, if any, are common and predominate among the potential class members. They have not clearly focused upon how those claims might properly be handled at trial to successfully avoid the danger of confusion of factual and legal issues and maintaining individual consideration of the numerous claims and defenses of the parties before a jury – a significant issue in this case. Plaintiffs have not shown why they are adequate representatives for the two very different opt-in subclasses, particularly considering Emily Berg was an office manager and the other proposed subclass members are allegedly non-management workers.

Plaintiffs fail to identify individuals who wish to join this lawsuit other than Plaintiffs' own former employees, who may join as timely-named parties. Plaintiffs have not shown how an FLSA class action is an appropriate vehicle to resolve those claims, given the small number of potential dairy-worker class members and the potentially non-common factual and legal questions relevant to the dairy and truck driver subclasses. Plaintiffs' statements about potential California-employed class members, and perhaps more in other states, are speculative, and speculation does not support certification of a class. Other than a conclusory statement that they do, Plaintiffs have not addressed why the individual facts of each potential class member's employment situation, which are determinative of proper FLSA classifications and control the independent contractor and/or

contractor-versus-joint-employee claims, are common and do predominate under the specific facts of this case.

For all of these reasons, Plaintiffs' motion to certify an FLSA class and to authorize an opt-in notice to members of that class is denied.

It is SO ORDERED.

Signed this the _____19th_____ day on October, 2016.

_____
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE