IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | |
|---|---|
| ROAD HOG TRUCKING, LLC, a Texas Limited Liability Company, JARED BERG and EMILY BERG, Individuals,<br><br>Plaintiffs,<br>vs.<br><br>HILMAR CHEESE CO., INC., a California Corporation, CDF DAIRY, a California Partnership, DAVID AHLEM, RICHARD "DICK" CLAUSS, and C.A. RUSSELL, Individuals,<br><br>Defendants. | CASE NO. 2:15-CV-258-J |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Before the Court is the Defendants' motion for summary judgment, the response in opposition filed by the Plaintiffs, and Defendants' reply. For the following reasons the Defendants' motion is granted in part and denied in part.

*Summary Judgment Standards*

The Court may terminate litigation by rendering a summary judgement where no genuine issue of material fact exists and the moving party is entitled to judgement as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)(initial burden is on movant to show entitlement to summary judgment with competent evidence). A material fact issue is one that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The substantive law governing the case will identify which facts are material. *Id.*, 477 U.S. at 249, 106 S.Ct. at 2510.

The party opposing judgment must point the Court to "specific facts with sufficient particularity to meet all the elements necessary to lay a foundation for recovery, including those necessary to negate the defense" offered by movant. *Brown v. Texas A&M University,* 804 F.2d 327, 333 (5th Cir. 1986)./[1]

Summary judgement disposition is inappropriate if the evidence before the Court, viewed as a whole, could lead to different factual findings and conclusions. This Court must resolve "all factual uncertainties and mak[e] all reasonable inferences in favor of the nonmoving party." *Bienkowski v. American Airlines,* 851 F.2d 1503, 1504 (5th Cir. 1988). If a rational trier of fact based upon the record as a whole could not find for the non-moving party, there is no genuine issue for trial. *Amoco Prod. Co. v. Horwell Energy, Inc.,* 969 F.2d 146, 147-48 (5th Cir. 1992). Such a finding may be supported by the absence of evidence necessary to establish an essential element of the non-moving party's case. *Celotex Corp. v. Cartrett,* 477 U.S. 317, 322, 106 S.Ct. 82, 121 L.Ed.2d 265 (1986).

"Finally, where the non-moving party has presented evidence to support the essential elements of its claims but that evidence is merely colorable, or is not significantly probative, summary judgement may be granted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 249-50, 106 S.Ct. at 2510-11 (citations omitted). Legal conclusions and general allegations do not satisfy this burden. *Id.,* 477 U.S. at 250, 106 S.Ct. at 2511; *Lechuga v. Southern Pacific Transp. Co.,* 949 F.2d 790, 798 (5th Cir. 1992)(conclusory statements in affidavits do not provide facts that will counter summary judgment evidence, and testimony based on conjecture alone is insufficient to raise an issue to defeat summary judgment); *Galindo v. Precision Am. Corp.,* 754 F.2d 1212, 1216 (5th Cir.

---

[1] *Accord Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Celotex Corp.,* 477 U.S. at 323-25, 106 S.Ct. at 2553; *Liberty Lobby, Inc.,* 477 U.S. at 247-48, 106 S.Ct. at 2510. The nonmoving party must designate specific facts showing there exists a genuine issue of material fact on those elements sought to be negated by the movant. *Ibid.*

2

1985)(party affidavits setting forth only ultimate or conclusory facts are insufficient to either support or defeat a motion for summary judgment).

*Background Facts and Claims of the Parties*

This is a civil action for unpaid wages and overtime brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b). Plaintiffs also bring claims for retaliation in violation of the FLSA, for recovery of treble damages for violations of the antitrust laws of the United States and the Texas Antitrust Act,/[2] for breach of a verbal interstate milk transportation contract and alleged contractual partnership agreements, for tortuous interference with contractual rights, for conspiracy to interfere with contract rights, for fraud and fraud in the inducement, and for promissory estoppel.

Plaintiff Road Hog Trucking, LLC, is a limited liability company with its principal place of business in Dalhart, Texas. Jared Berg and Emily Berg are the co-owners of Road Hog Trucking. Plaintiffs' business was hauling commodities including milk, hay, insilage, and the like in the Dalhart and surrounding areas. Plaintiffs allege they were employed by both Defendant Hilmar Cheese Company, Inc. at its facility in Dalhart, Dalham County, Texas and for Defendant CDF at its dairy in Hartley, Texas. Plaintiffs allege that from either August or December of 2013 to May of 2015, as Defendants' employees, they handed and hauled commodities, including milk, from Defendant CDF's dairy to Defendant Hilmar Cheese's Texas and Oklahoma manufacturing plants.

Plaintiffs allege that the Defendants misclassified Jared and Emily Bergs as independent transportation contractors rather than what they truly were, joint employees of the Defendants, thereby denying them earned wages due for both regular time and overtime work. Emily Berg was also employed as the office manager at the CDF dairy, but was allegedly terminated in retaliation

---

[2]   *See* 15 U.S.C. §1 *et seq.,* and the Business & Commerce Code, Title 2: Competition and Trade Practices, Chapter 15, Monopolies, Trust and Conspiracies in Restraint of Trade (Vernon's ____).

for filing this lawsuit and for complaining about alleged FLSA violations. Plaintiffs allege that Jared Berg was also terminated for complaining about the Defendants' alleged FLSA violations.

Plaintiffs further allege that by virtue of the Defendants unlawful vertical and horizontal price-fixing activity, the cost of milk transportation in the relevant marker, which is an element of price, was and is fixed, pegged and/or controlled by the Defendants. The relevant geographic market in question is within a 50-mile radius of Dalhart, Texas, including other dairies in that region who deliver milk to Hilmar. Plaintiffs allege that the Defendants ceased dealing with the Plaintiffs and terminated their "exclusive contract to haul all cdfd milk to Hilmar," thereby putting the Plaintiffs out of business, allegedly because Plaintiffs refused to follow the Defendants' "dictates" to charge lower transportation rates, which allegedly rendered Hilmar's prices "not competitive."/[3] It appears to be undisputed that the Plaintiffs' company was were replaced by another transportation company that did charge a lower rate for milk transported from CDF's dairy to Hilmar's plant.

Defendant Hilmar Cheese Company, Inc. is a California corporation that allegedly controls the Hilmar Cheese manufacturing plant in Dalhart, Texas, and directly or indirectly controls related family-owned dairies supplying Hilmar with milk to manufacture cheese and related products. Hilmar and the individual Defendants allegedly exercise control, ownership and direction over the actions of Hilmar in Dalhart, related family-owned dairies, including California partnership CDF Dairy, and control trucking companies such as Road Hog which haul and handle milk and other commodities for them. Defendant David Ahlem is the CEO of Hilmar since January, 2015. Non-party Charles Ahlem is the current chairman of the board of Hilmar and took over that spot as

---

[3] Specifically, Plaintiffs allege that "[b]y the defendants control of the hauling per load price, the fixing or pegging of those prices and the termination of plaintiffs as a hauler for the professed reason that their prices were not competitive nor did they track the price the defendants set and required by defendants to keep the prices paid plaintiffs down due to illegal trade practices of the defendant dairy and cheese plant." Fourth Amended Complaint at p.21.

successor to Defendant Richard "Dick" Clauss. Defendant C.A. Russell has an ownership interest in CDF, along with his wife and other Clauss family members, and is the son-in-law of Richard Clauss.

*Discussion and Analysis*

Defendants argue that, even assuming that Jared and Emily Berg were "employees" under the FLSA, their minimum wage and overtime claims fail as a matter of law because the undisputed evidence establishes that they were paid more than minimum wages. Defendants state that they were paid more than minimum wages for all regular time, plus paid time-and-a-half for overtime, for every hour worked. Defendants state that by the Bergs' own estimation, they hauled milk and other material for Defendants from December 31, 2013 through May 23, 2015, which is a total of 509 days. Asked in their deposition how many hours per day they worked, the Bergs estimated that they hauled "approximately four loads per day," every day, for a total of up to 12 working hours per day. Twelve hours per day for 509 days is 6,108 hours. It is undisputed that for Plaintiffs' transportation services over those 509 days, Defendants CDR and Hilmar paid the Plaintiffs a total of $551,349.06.

Dividing the total amount of earned compensation that the Defendants actually paid Road Hog (the Bergs) over the 509 days ($551,349.06) by the Plaintiffs' own estimate of the numbers of hours they and their employees worked in this period (6,108) yields an hourly rate of $90.26. Plaintiffs employed up to three full time drivers, and several part-time drivers, so they have not shown that wages should have been paid based upon four hours of overtime earned in each workday. Nevertheless, assuming that four hours per day should have been compensated as overtime (at time-and-a-half), base pay plus overtime compensation actually paid yields a base hourly rate of $77.37 paid by the Defendants to the Plaintiffs for transportation services. Minimum wage is $7.25 per hour. *See* 29 U.S.C. § 206(a)(1)(c) (establishing that rate).

The undisputed evidence, therefore, establishes that even under the most favorable assumptions in Plaintiffs' favor the Defendants paid the Bergs and all of their Road Hog employees far more than minimum wage (over $70 per hour more, including all possible overtime compensation owed) for every hour worked. In that circumstances, Plaintiffs' FLSA minimum wage and overtime claims fail as a matter of law even if the Bergs' and their Road Hog employees should properly be considered as the Defendants' "employees" pursuant to the FLSA.

Plaintiffs do not respond to, or dispute, these arguments as stated in the Defendants' summary judgment pleadings. Defendants are therefore entitled to summary judgment on the FLSA failure-to-pay claims. Given that conclusion, the Court need not address the parties' various other FLSA arguments.

Defendants spend much briefing space arguing that the Plaintiffs do not have standing to assert any antitrust claims because they were not producers of milk or cheese products. However, the Plaintiffs do not assert antitrust claims of price fixing or monopoly in the market for milk or cheese products; they assert such claims in the milk transportation market. It is not disputed the Plaintiffs did operate in that market. Further, the Defendants do not challenge the Plaintiffs' market definitions as impermissible, either geographically or otherwise. Therefore summary judgment is denied as to the Plaintiffs' antitrust claims, as well as their claims of FLSA retaliation, breach of contract, tortuous interference with vested contractual rights, for conspiracy to interfere with those contract rights, for fraud and fraud in the inducement, and for promissory estoppel.

*Conclusions*

Defendants are entitled to summary judgment on the FLSA failure-to-pay claims.

Summary judgment is denied as to all of the Plaintiffs' other claims and causes of action.

It is SO ORDERED.

Signed this the \_\_\_\_2nd\_\_\_\_ day on November, 2016.

*/s/ Mary Lou Robinson*
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE