IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROAD HOG TRUCKING LLC, a Texas Limited Liability Company, et al., | § § § | |
| Plaintiffs, | § § | |
| VS. | § | Civil Action No. 2:15-CV-258-J |
| HILMAR CHEESE CO., INC., a California Corporation, et al., | § § § § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Defendants move to exclude two of plaintiffs' expert witnesses on the ground that they were not timely designated. Plaintiffs have not responded to the motion, and the court grants it for the following reasons.[*]

I

Defendants' motion and appendix establish that plaintiffs designated two expert witnesses—Mark McKay ("McKay") and Tom Buck ("Buck")—several months after the court-ordered deadline. The original scheduling order set January 11, 2016 as the deadline for plaintiffs to designate expert witnesses, and this deadline has remained unmodified. Plaintiffs did not disclose McKay and Buck until May 4, 2016. And plaintiffs had not provided expert reports for McKay or Buck as of the time the instant motion to exclude was filed on May 23, 2016.

---

[*]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

II

"A party must make [expert] disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Rule 37(c)(1). Because plaintiffs have not responded to defendants' motion to exclude, and the deadline for a response has passed, it is undisputed that plaintiffs' disclosure of McKay and Buck was untimely. Moreover, plaintiffs have offered no basis for the court to conclude that their failure to timely designate these experts was justified or is harmless.

Accordingly, defendants' May 23, 2016 motion to exclude plaintiffs' untimely designated expert witnesses is granted.

**SO ORDERED**.

February 7, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE